# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10560
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DANIELLE HARPER,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-185-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Danielle Harper appeals the sentence imposed after she pleaded guilty to possession of stolen mail, in violation of 18 U.S.C. § 1708. Her 36-month sentence was a variance above the top of the advisory Sentencing Guidelines sentencing range (27 months). She does not expressly challenge the variance but contends her offense level was wrongly increased by two levels for obstruction of justice. That increase was based on the district court's finding

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-10560

Harper persistently lied to the Probation Office and the court about her violations of conditions of pretrial and presentencing release. She asserts her false statements did not significantly impede the Government's investigation of her offense and were not material to the presentence investigation.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Accordingly, as provided in *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008), our review of an obstruction-of-justice finding is for clear error. In that regard, our court defers to the district court's credibility determinations. *Id.*

A two-level increase to the offense level is warranted where defendant has "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction", and where the conduct is "related to . . . the defendant's offense of conviction and any relevant conduct". U.S.S.G. § 3C1.1. Examples of obstruction under § 3C1.1 include "providing materially false information to a judge", and "providing materially false information to a probation officer in respect to a presentence or other investigation for the court". U.S.S.G. § 3C1.1 cmt. nn.4(F) & 4(H). A false

statement is material if it "would tend to influence or affect the issue under determination". U.S.S.G. § 3C1.1 cmt. n.6.

As the district court explained, Harper's false statements regarding her violations were made during the Probation Office's investigation to assist the court in deciding whether pretrial and presentencing release should be revoked. Harper thus provided "materially false information to a probation officer in respect to a presentence or other investigation for the court." U.S.S.G. § 3C1.1 cmt. n.4(H). Further, Harper's false statements were material because they were made to influence the court's decision whether to allow her to remain free pending trial and sentencing. U.S.S.G. § 3C1.1 cmt. n.6.

More generally, false statements amounting to perjury have "obvious relevance" to sentencing because they "reflect[] on a defendant's criminal history, on her willingness to accept the commands of the law and the authority of the court, and on her character in general". *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). Here, the district court considered Harper's untruthfulness as establishing her "characteristics" as "one of the biggest liars" the court had seen.

In sum, Harper's false statements impeded or obstructed "the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction". U.S.S.G. § 3C1.1. The increase was not clearly erroneous. Nor was the Guideline applied erroneously. *See United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999).

AFFIRMED.